# United States Court of Appeals
# for the Fifth Circuit

No. 21-50730
CONSOLIDATED WITH
No. 21-50747

Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

EDUARDO PENA-GARCIA,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:21-CR-523-1, 4:21-CR-125-1

Before HIGGINBOTHAM, DUNCAN, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Eduardo Pena-Garcia appeals the 63-month sentence imposed after his guilty plea conviction for illegal reentry after having previously been deported, pursuant to 8 U.S.C. § 1326(a) and (b)(1), along with the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50730
c/w No. 21-50747

revocation of the term of supervised release he was serving at the time of the instant offense.  Because his appellate brief does not address the validity of the revocation or the revocation sentence, he abandons any challenge to that order.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Pena-Garcia contends, for the first time on appeal, that it violates the Constitution to treat a prior conviction that increases the statutory maximum under § 1326(b) as a sentencing factor, rather than as an element of the offense.  Pena-Garcia concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for future review.  In addition, he has filed an unopposed motion for summary disposition.

As Pena-Garcia concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*.  *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014).  Because his position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary disposition is proper.  Accordingly, Pena-Garcia's motion for summary disposition is GRANTED, and the judgment of the district court and order revoking supervised release are AFFIRMED.